IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL RAY EKES,
    Plaintiff,
v.                                                  Case No.: 4:20cv144/TKW/EMT

ANDREW SAUL,
Commissioner of the
Social Security Administration,
    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

    Plaintiff Michael Ray Ekes ("Ekes"), proceeding pro se, initiated this action by filing a complaint under Title XVI of the Social Security Act, through which he seeks judicial review of an adverse administrative decision of the Defendant (ECF No. 1).[1] The undersigned finds that venue is not proper in this judicial district and thus recommends that this case be transferred to the Middle District of Florida.

    Venue for civil actions concerning Social Security benefits is governed by 42 U.S.C. § 405(g), which provides that an action "*shall be* brought in the district court

---

[1] Although not clearly articulated in the complaint, it appears Plaintiff is alleging entitlement to repayment of Supplemental Security Income ("SSI") payments which were withheld from his monthly SSI checks commencing in November of 2013, in order to reimburse the Social Security Administration ("SSA") for an alleged overpayment of SSI benefits to or on behalf of Plaintiff in the total amount of $7,624.57 (ECF No. 1 at 4–8).

Case No.: 4:20cv144/TKW/EMT

of the United States for the judicial district *in which the plaintiff resides*, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia" (emphases added). If venue is determined to be improper, the district court of the district in which the case is improperly filed may "transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).[2]

It appears Plaintiff resides in Silver Springs, Florida, based on the address listed in the complaint, which was filed on filed March 11, 2020 (ECF No. 1 at 1, 6), and listed on his most recent submission (ECF No. 6, filed April 20, 2020). Silver Springs is in Marion County, which is located within the jurisdiction of the United States District Court for the Middle District of Florida. Moreover, although Plaintiff was evidently incarcerated during the period the alleged overpayments were made, he was confined in correctional institutions that also are located in the Middle

---

[2] *See, e.g., Wright v. Miranda*, 740 F. App'x 692, 693 (11th Cir. 2018) (under 28 U.S.C. § 1406(a), a district court may transfer a civil action to an appropriate venue if it determines that the action was filed in the wrong district); *see also Nalls v. Coleman Low Fed. Inst.*, 440 F. App'x 704, 706 (11th Cir. 2011) ("[a] district court may *sua sponte* transfer a civil action to any other district where it might have been brought if doing so will be convenient for the parties and witnesses and serve the interest of justice. . . . Before proceeding, the court should provide the parties with notice and an opportunity to be heard.") (*citing Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011)).

Case No.: 4:20cv144/TKW/EMT

District, including the Central Florida Reception Center (located in Orlando, Orange County) and the Suwannee Correctional Institution and Annex (located in Live Oak, Suwannee County) (*see id.* at 11–14, 16–19). What is more, prior to the commencement of Plaintiff's incarceration in August 2012, the SSA sent a letter to Plaintiff (dated July 19, 2012) at an address in Haines City, which is in Polk County, Florida, also in the Middle District (*id*. at 10).

It thus appears Plaintiff "resides in" the Middle District for purposes of the applicable venue statute and, accordingly, that he should have commenced this action there and not in the Northern District of Florida. In fact, in response to the court's order to show cause why the matter should not be transferred to the Middle District, issued on March 19, 2020 (ECF No. 3), Plaintiff indicated he "will go to any court" and "just want[s] to prove [his] case against Social Sec" (ECF No. 6 at 1). Thus, Plaintiff evidently has no objection to the transfer recommended herein.

Accordingly, it is respectfully, **RECOMMENDED**:

1. That this case be transferred to the United States District Court for the Middle District of Florida for all further proceedings.

2. That the clerk of court be directed to close the file.

Case No.: 4:20cv144/TKW/EMT

At Pensacola, Florida, this 21st day of April 2020.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 4:20cv144/TKW/EMT